## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

KENNETH MEADOR, as the Personal Representative of the Estate of PAULA MEADOR, and THOMAS MEADOR,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

Civil Action No. 4:22-cv-40024-TSH

## <u>ANSWER</u>

Defendant United States of America, by and through its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, submits the following Answer to Plaintiff Kenneth Meador's ("Plaintiff") Complaint.

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendant reserves its right to amend this Answer if appropriate following discovery or investigation in this matter. The foregoing is incorporated into each paragraph of this Answer.

Defendant responds as follows to the individual paragraphs set forth in the Complaint:

1.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, except Defendant admits that Paula Meador was a patient of Dr. Kim Houde and that Dr. Houde prescribed lithium carbonate to Ms. Meador.  All other allegations are denied.

2.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the allegations.  Answering further, Defendant specifically denies that lithium toxicity caused Paula Meador's death.

3.  Admitted that Dr. Kim Houde was an employee of a federally-funded health center and that the United States is therefore the appropriate defendant in this action.  All other allegations of this paragraph are denied.

## PARTIES, JURISDICTION, AND VENUE

4.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

5.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

6.  Admitted.

7.  This paragraph states a conclusion of law to which no answer is required.

8.  Defendant admits that the U.S. Department of Health and Human Services ("HHS") received an administrative tort claim from Thomas D. Meador, Jr., individually and as Administrator of the Estate of Paula L. Meador, on March 12, 2021. Defendant denies the remaining allegations of paragraph 8.

9.  Admitted.

10.  This paragraph states a conclusion of law to which no answer is required.

11.  This paragraph states a conclusion of law to which no answer is required.

## FACTUAL ALLEGATIONS

12.  This paragraph states conclusions of law to which no answer is required; answering further, Defendant admits that Dr. Houde is a medical doctor licensed to practice in Massachusetts and was, at all relevant times, an employee of Greater Gardner Community Health Center ("GGCHC").

13.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

14.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

15.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

16.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

17.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied. Answering further, Defendant specifically denies that it had a responsibility to "assign" Paula Meador to a psychiatrist.

18.  This paragraph contains medical opinion as to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied, although Defendant admits that monitoring lithium levels in blood is one means of evaluating the patient's dose response.

19. This paragraph contains medical opinion as to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth

3

of the allegations of this paragraph and those allegations are therefore denied, although Defendant admits that there are factors which can cause a patient's lithium level to go up or down, as is the case with most medications.

20.  This paragraph contains medical opinion and conclusions of law as to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

21.  This paragraph contains medical opinion and quotes from documents which speak for themselves as to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

22.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

23.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

24.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

25.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

26.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

27.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

28.   Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

29.   This paragraph contains medical opinion and conclusions of law as to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

30.  Denied.

31.  Denied.

32.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

33.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

34.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

35.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

36.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

37.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

38.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

39.  Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

40. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

41. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

42. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

43. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

44. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

45. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

46. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT ONE

51. This paragraph contains medical opinion and conclusions of law as to which no answer is required.  To the extent an answer is required, the allegations are denied.

52. This paragraph states conclusions of law and representations as to the nature of the lawsuit to which no answer is required.

6

53. This paragraph states conclusions of law and representations as to the nature of the lawsuit to which no answer is required.

54. This paragraph states conclusions of law as to which no answer is required.

## COUNT TWO

55. Defendant lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and those allegations are therefore denied.

56. Denied.

57. This paragraph states conclusions of law as to which no answer is required.

## AFFIRMATIVE DEFENSES

Defendant alleges the following defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of this litigation.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

There is no subject-matter jurisdiction over any claims not administratively exhausted by the Plaintiff, claims filed outside the two-year statute of limitations, or any claims subject to the discretionary function or intentional tort exceptions set forth in 28 U.S.C. § 2680.

### THIRD DEFENSE

With respect to medical services provided to Plaintiff's decedent, Defendant's employees

7

exercised such skill, prudence, and diligence as other similarly credentialed individuals nationwide and met the applicable standard of care .

## FOURTH DEFENSE

No negligent or wrongful act or omission on the part of an employee or agent of the United States was the cause in fact or proximate cause of the Plaintiff's alleged injuries, nor did they cause her pain and suffering prior to her death.

## FIFTH DEFENSE

Any injury, damage, or loss suffered by Plaintiff was caused by the negligent or willful failure of Plaintiff's decedent to follow all reasonable and proper advice and instructions regarding care, activities, and treatment given by her providers or otherwise failing to exercise ordinary care on Plaintiff's decedent's own behalf.

## SIXTH DEFENSE

If there was any negligence in the care of Paula Meador, that negligence was of persons for whom Defendant is not responsible, and such negligence superseded any negligence on the part of Defendant, if any existed.

## SEVENTH DEFENSE

The amount of any recovery should be reduced by any non-collateral source or otherwise in accordance with the law applicable to setoff.

## EIGHTH DEFENSE

If Defendant is found liable, which Defendant expressly denies, Plaintiff's recovery shall be eliminated or diminished in proportion to according to the Plaintiff's own negligent conduct in accordance with  Mass. Gen. Laws Ann. ch. 231 § 85 (2022).

## NINTH DEFENSE

To the extent the Plaintiff is entitled to any recovery, she may only recover once for any alleged wrong.

## TENTH DEFENSE

Defendant shall not be liable for prejudgment interest or punitive damages in accordance with  28 U.S.C. § 2674.

## ELEVENTH DEFENSE

If Plaintiff was injured or damaged by the Defendant, which is specifically denied, such injuries and damages resulted from known risks or unavoidable conditions for which the Defendant is not responsible.

## TWELFTH DEFENSE

Payment of any settlement or judgment in this matter is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

## THIRTEENTH DEFENSE

Plaintiff is not entitled to a jury trial.

## FOURTEENTH DEFENSE

To the extent Plaintiff is entitled to recover damages, the Defendant may be entitled to recoupment, credit, or set-off for any past or future benefits paid to or on behalf of the Plaintiff under any government program, whether state or federal, to the extent allowed under federal and

state law.

Defendant asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests as follows:

 That judgment be entered for Defendant and against Plaintiff, dismissing Plaintiff's Complaint and action against Defendant with prejudice;

I.      That Plaintiff take nothing;

II.     That the Court award costs of suit incurred herein; and

III.    That this Court grant such further relief to Defendant as the Court deems appropriate in this action.


                                    Respectfully submitted,

                                    RACHAEL S. ROLLINS,
                                    United States Attorney

Dated:  May 16, 2022        By:    */s/ Thomas E. Kanwit*
                                    Thomas E. Kanwit
                                    Assistant U.S. Attorney
                                    U.S. Attorney's Office
                                    John J. Moakley U.S. Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
                                    (617) 748-3100
                                    thomas.kanwit@usdoj.gov

10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed using the CM/ECF filing system and will be served on all persons registered to receive notice.

<u>*/s/ Thomas E. Kanwit*</u>
Thomas E. Kanwit

May 12, 2022